IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA G. BALDWIN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:07cv316-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 9, 2007, Plaintiff, Donna G. Baldwin, filed a motion (Doc. #23) for an award of attorney fees in the amount of $4,477.42 and expenses in the amount of $11.78 pursuant to the Equal Access to Justice Act (EAJA).  28 U.S.C. § 2412 (2000). The Commissioner does not oppose the computation or amount of fees or expenses charged pursuant to the EAJA, but rather, contests the request that the fees be paid directly to counsel for Baldwin.

The Court awards Baldwin attorney's fees in the amount of $4,477.42 and expenses in the amount of $11.78.  The Court awards the fees directly to Baldwin, not her counsel.  The EAJA, 28 U.S.C. § 2412, provides a mandatory attorney's fees award to a prevailing party that meets certain statutory conditions.  28 U.S.C. § 2412.  Once a plaintiff demonstrates eligibility under the EAJA, the government must pay attorney's fees unless it is able to prove that its position was substantially justified or special circumstances make an award unjust.  Specifically, the EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the Commissioner voluntarily sought remand to allow the Appeals Council to reconsider certain evidence.  Motion for Remand (Doc. #17).  Specifically, the Commissioner indicated the Appeals Council agreed to remand the case back to an administrative law judge (ALJ) for further consideration of Baldwin's fibromyalgia, credibility, and residual functional capacity and to obtain vocational expert testimony if necessary.  Upon review of the motion, the Court concluded the Commissioner's final determination should be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C § 405(g) and for the reasons provided by the Commissioner.  Memorandum Opinion (Doc. #21) at 2-3.  Correspondingly, the Court entered judgment in favor of Baldwin, the prevailing party in this suit, not her counsel.  Judgment (Doc. #22); see Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship and Immigration Servs., 452 F.3d 1254, 1257-58 (11th Cir. 2006).  The EAJA therefore requires the Court to award fees to Baldwin directly.  Accordingly, it is

ORDERED that Baldwin's motion (Doc. #23) is GRANTED IN PART AND DENIED IN PART.

Done this 27th day of November, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE